## THE AMERICAN BIBLE SOCIETY

*v.*

## BENJAMIN STOVER et al.

The will of a non-resident was refused probate by the surrogate of the county where the testator had his domicil, but, after an appeal therefrom, a compromise was effected, and, by order of the appellate court, the surrogate

American Bible Society v. Stover.

was directed to admit the will to probate, and that the compromise be carried out. By that compromise, the complainants, who were the residuary legatees, were to have one-half of the estate remaining after paying certain charges and expenses. Testator owned lands of small value (but no other property) in this state. The bill was filed for a decree directing sale of the lands and payment of one-half of the proceeds to the complainants, and that this court should decide who, under the compromise, are entitled to the other half, as heirs or next of kin of the testator.—*Held*, that this court would not, under the circumstances, entertain the suit, inasmuch as the complainants have power, under the will, to sell, and the question as to who are entitled, under the agreement of compromise, should be left to the courts of New York, where the bulk of the estate is.

Bill for relief. On final hearing on pleadings and proofs.

*Messrs. A. G. Richey & Son*, for complainant.

THE CHANCELLOR.

The object of this suit is to convert into cash, by sale, land in Plainfield township, in Union county, of which John A. Stover, late of Chenango county, New York, died seized, and to distribute the proceeds according to an agreement of compromise made by and between the complainant and his heirs and next of kin. The compromise was made, in a proceeding in that state, for the establishment of a certain paper writing as Mr. Stover's will. By it, after directing the payment of his debts and funeral charges and the erection of a suitable monument &c. at his grave, he gave pecuniary legacies amounting to $3,300, and then gave all the residue of his estate to the American Bible Society, the complainant. The surrogate of Chenango county refused to admit the instrument to probate, on the ground that Mr. Stover was not, when it was executed, possessed of testamentary capacity. From his decree, an appeal was taken, by the bible society, to the general term of the supreme court of New York, which ordered that the matter of capacity be tried by a jury. Subsequently to the granting of that order, and before any trial, the counsel of the parties, on an agreement of compromise, obtained an order of the special term of the supreme court, by which the

guardian *ad litem* of the infant respondents was authorized and directed to join in the compromise and assent to it, on behalf of those respondents, and the surrogate of Chenango county was ordered to admit the will to probate as a will of personal and real estate, on the terms expressed in the offer of compromise. The terms appear to have been that, after allowing costs, disbursements, allowances &c. to the amount of about $3,000, and paying one of the legacies ($500) and the commissions of the administrator, and his expenses of settling the estate, the bible society should have half of the estate. The paper was admitted to probate in pursuance of that order.

It appears by the evidence in this cause, that the personal property amounted to about $30,000, and that the costs, allowances &c., and the $500 legacy and the administrator's commissions, and the expenses of settling the estate, have all been paid. The bill states that the complainant is advised and believes that, by reason of the admission of the will to probate, and the recording and filing of an exemplified copy thereof in the office of the surrogate of Union county, in this state, it has become seized of the land in Plainfield, but is bound, in equity, to convert it into money, in order that one-half of the proceeds may be paid to the persons who may be lawfully entitled thereto by reason of the agreement of compromise and settlement, but that it has not the power to convey the property without the aid of this court, and that it is not advised whether all or only some of the heirs-at-law and next of kin of Mr. Stover have acquired any right, interest or claim in or upon the real estate in Plainfield, by reason of the compromise and what their interest may be in the half of that real estate, and it cannot determine those matters. No case for the action of this court is made by the bill. The complainant claims to be seized of the land, and if so, is fully empowered to sell it. There is no allegation that there is any charge upon it. After the surrogate had refused to admit the will to probate, on the ground of the testator's incapacity, the appellate tribunal reversed the decree, and ordered that the instrument be admitted to probate, not on the ground that the

testator's capacity was proved, nor on any ground connected with the merits, but merely because the parties, by their counsel, had agreed to a division of the estate. The surrogate then admitted it to probate accordingly. The complainant claims that the will was thus established, and that it has title under it. What hinders it, then, from selling? When it shall have sold, it will, according to its statement, hold part of the proceeds in trust for those who are entitled to it under the compromise agreement. This court may properly decline to undertake to determine who are entitled thereto under that agreement. All of the estate, except the land in Plainfield township, is in New York, and that land, it is said in the proofs in this cause, is not worth over $500. The complainant asks this court to sell the land and pay to it half of the proceeds, and retain the other half, to be paid over to those who may be entitled to it. The determination of the question as to who is entitled to receive the money, may, under the circumstances, appropriately be left to the courts of New York. The bill will be dismissed.